IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ENOCH HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-CV-0134-MJR-CJP |
| | ) |
| ACTAVIS TOTOWA, LLC, | ) |
| ACTAVIS, INC., | ) |
| ACTAVIS ELIZABETH, LLC, | ) |
| ACTAVIS GROUP, hf, MYLAN, INC., | ) |
| MYLAN PHARMACEUTICALS, INC., | ) |
| MYLAN LABORATORIES, INC., | ) |
| MYLAN BERTEK | ) |
| PHARMACEUTICALS, INC., and | ) |
| UDL LABORATORIES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Enoch Hubbard filed the above-captioned action in this District Court on February 20, 2009, alleging six counts arising from the Defendants' conduct in manufacturing and distributing a heart medication known as Digitek (Doc. 2). Subject matter jurisdiction is invoked under the diversity statute, 28 U.S.C. § 1332.[1] Defendants appeared in the action on March 23, 2009 (Doc. 10). Now before the Court is the parties' joint motion to stay all proceedings in this Court pending a ruling by the Judicial Panel on MultiDistrict Litigation (MDL) on whether to transfer this action for consolidated discovery proceedings (Doc. 11).

---

[1] On February 23, 2009, the Court noted certain defects in the complaint with respect to Plaintiff's jurisdictional allegations. As a result, the Court directed Plaintiff to file an amended complaint (Doc. 3). Plaintiff filed the amended complaint correcting his jurisdictional allegations on February 24, 2009 (Doc. 4).

1

Although cognizant that the MDL Panel is considering whether to transfer this action, the Court **DENIES at this time** the motion to stay all proceedings (Doc. 11). The undersigned District Judge generally does *not* stay pretrial proceedings pending MDL transfer. **FEDERAL RULE OF PROCEDURE OF THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION 1.5** provides that the pendency of a motion for transfer to the MDL "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Similarly, the **MANUAL FOR COMPLEX LITIGATION, Federal Judicial Center, § 20.131 and § 22.35 (4th ed. 2004)**, states that during the pendency of a motion for MDL transfer, the court in which the action was filed retains jurisdiction over the case and need not suspend proceedings.

The Court declines to stay the matter but will closely monitor any further orders from the MDL Panel, including any final transfer order which may issue herein. In the meantime, the undersigned Judge will TRACK the case and assign a trial date. However, the Magistrate Judge assigned hereto (the Honorable Clifford J. Proud) **need not enter a Scheduling and Discovery Order** at this time and is respectfully requested to wait 90 days before proceeding with that step.

**IT IS SO ORDERED.**

**DATED this 27th day of March 2009.**

                                                **s/ Michael J. Reagan**
                                                **MICHAEL J. REAGAN**
                                                **United States District Court**